GERALDINE JOYCE McELHANNON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McElhannon v. Commissioner
Docket No. 28732-81.
United States Tax Court
T.C. Memo 1982-599; 1982 Tax Ct. Memo LEXIS 147; 44 T.C.M. (CCH) 1392; T.C.M. (RIA) 82599; October 12, 1982. Geraldine Joyce McElhannon, *148 pro se. David W. Johnson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on respondent's motion for summary judgment, filed on February 13, 1982, pursuant to Rule 121 [1] and heard on August 16, 1982. Petitioner resided in Houston, Texas, on the date that she filed her petition in this case. Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $2,898, and additions to tax under sections 6651(a), [2] 6653(a), and 6654 in the amounts of $709.15, $144.90, and $118.23, respectively. The deficiency resulted from the respondent's determination that petitioner had $16,988.28 in unreported wage income from Aminoil USA, Inc. (hereinafter Aminoil). Petitioner does not dispute that she earned $16,988.28 in wages from Aminoil [3] during 1979, but she argues such wages are exempt from tax because she is a minister and member of a chapter of The Basic Bible Church of America, [4] designed as The Order of Almighty God, *149 Chapter No. 7872. Petitioner has not alleged that she filed a 1979 Federal income tax return. Although petitioner did not appear at the hearing of respondent's motion on August 16, 1982, she has communicated with the Court by submitting objections to respondent's motion for summary judgment, an affidavit setting forth the facts which she contends exempt her Aminoil wages from the withholding tax, and other evidence which she maintains establishes that respondent erred in his determination. In her affidavit, petitioner states that she has been a minister in The Basic Bible Church of America and a member of The Order of Almighty God since September 17, 1977; that she has been directed by her ecclesiastical superior to remain employed to carry out her religious duties; and that she has read section 3401(a)(9) and believes that her Aminoil wages were excepted from withholding *150 tax during 1979. The other evidence which petitioner submitted to the Court consisted of various papers which petitioner had received from The Basic Bible Church of America directing her, inter alia, to practice the "Golden Rule Law" [5] by word and deed; to keep all information regarding Church affairs coming into her possession or knowledge in strict confidence; and "to convert any excess paper money or securities into gold and silver Coin, the only real, honest moral money, * * * and to hold it for the account of the Church and Order to preserve the assets of the Church." These papers also directed petitioner to consult Jerome Daly, Chief of the Order of Almighty God on any doubtful questions that may arise. Rule 121(b) provides that a motion for summary judgment shall be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. *151 " Petitioner has set forth her position in a manner that is less than clear. While petitioner alleges that her Aminoil wages were exempt from tax during 1979, she has alleged no facts which, if assumed to be true, would support her claim. Even if we assume that petitioner gifted her entire 1979 Aminoil wages to The Order of Almighty God, Chapter No. 7872, she has not alleged that such Order was organized and operated exclusively for religious or charitable purposes within the meaning of section 170(c), and that any wages or other assets which she may have contributed to it were not expended for her personal benefit. While the record supports petitioner's claim that the Basic Bible Church of America has been granted an exemption from income taxes, nothing in the record suggests (nor does petitioner claim) that such exemption extends to The Order of Almighty God, Chapter No. 7872. See , on appeal (3rd Cir., Aug. 24, 1981); . In short, since petitioner has not submitted any information which contradicts respondent's factual determinations, we *152 find that no genuine issue of material fact is present in this record and thus, respondent is entitled to summary judgment as a matter of law. [6]
*153 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. A Form W-2 filed by Aminoil for 1979 shows that petitioner had wages of $16,988.28 in that year. Aminoil employed petitioner as a computer programmer. The record does not indicate the nature of Aminoil's business. ↩
4. The Basic Bible Church of America has been granted an exemption from income taxes.↩
5. These papers describe the Golden Rule Law in the following way: "WHAT YOU DO NOT WISH OTHERS TO DO UNTO YOU, DO NOT DO UNTO OTHERS."↩
6. See ; ; Radlek v. Commissioner, 1981-62; . While we have found that petitioner has not submitted any information which contradicts respondent's factual determinations, we note that substantially all of the facts relevant to the issues herein are the same as those involved in docket No. 17020-80, which was reported in (hereinafter McElhannon I). In McElhannon I, we upheld the Commissioner's determination of deficiencies in petitioner's 1977 and 1978 Federal income tax and additions to tax under sections 6651(a), 6653(a), and 6654(a) because petitioner failed to substantiate her claim. In McElhannon I,↩ we stated that petitioner "is an intelligent individual, and one with her intelligence would have known that her statutory tax obligations could not be circumvented by use of * * * [the] papers" which petitioner received from The Basic Bible Church of America.